UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TASHA HANSEN-HODGKINSON,<br>        Plaintiff,<br><br>        v.<br><br>JANE EMONS, *et al.*,<br>        Defendants. | No. 3:14-cv-01869 (JAM) |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff has sued a Connecticut Superior Court judge and the Superior Court itself to challenge certain aspects of her state court divorce proceedings. Because those divorce proceedings have now terminated without contestation or appeal, I conclude that plaintiff's claims are moot. Accordingly, I will dismiss this action for lack an ongoing case-or-controversy and federal subject matter jurisdiction.

### BACKGROUND

Plaintiff's claims all arise from her divorce proceedings during 2014 in the Connecticut Superior Court. *See Gerald N. Hodgkinson v. Tasha Hansen-Hodgkinson*, Docket No. NNH-FA14-4062942-S. According to plaintiff, she filed a request with the Superior Court in September 2014 to be permitted to appear for all further court proceedings by telephone. Her request noted that she had previously been permitted to appear by telephone for a hearing in August 2014 and that she resided in Washington State, such that it would be very burdensome for her to have to travel to Connecticut for future court hearings.

1

On October 17, 2014, Superior Court Judge Jane Emons denied this request. And, according to plaintiff, she did not receive notice of this denial until it was too late for her to travel to Connecticut for a scheduled court hearing on October 27, 2014.

More generally, plaintiff complains that the Superior Court does not make electronic recordings of its proceedings available to litigants; instead, it requires litigants to purchase a transcript from a court reporter. She complains that this policy is unnecessarily costly for litigants and that it takes more time to obtain a transcript than it would to receive an electronic recording.

The complaint alleges five causes of action. Counts One and Two allege that defendants' refusal to permit plaintiff to appear by telephone was a violation of her rights under the Equal Protection and Due Process Clauses of the United States Constitution. Count Three alleges that defendants' late notification of the denial of her request to appear by telephone was a violation of her rights under the Due Process Clause. Count Four alleges that the Superior Court's policy of requiring plaintiff and other litigants to purchase a transcript from a court reporter violates the Due Process Clause. Finally, Count Five alleges that Judge Emons violated the Code of Judicial Conduct when she refused to allow plaintiff to participate by telephone in her divorce proceedings.

Plaintiff seeks declaratory relief as to each of her five causes of action. She also requests a permanent injunction against Judge Emons from all further participation in plaintiff's divorce case, an injunction against all judges in the State of Connecticut from denying any civil litigant the right to appear in court hearings telephonically, and an order directing the Superior Court to destroy all recordings in plaintiff's divorce case since October 17, 2014.[1]

---

[1] She further seeks costs, expenses, and reasonable attorneys' fees, as well as pre- and post-judgment interest, but she has not requested money damages, and there is no indication that she has incurred any attorneys'

2

Defendants have moved to dismiss in principal part on grounds that plaintiff's claims are moot, because a final judgment has entered in plaintiff's divorce case without objection or appeal. According to the Connecticut Judicial Branch's electronic docket, a judgment of dissolution entered after an uncontested hearing on December 15, 2014, the same day that plaintiff filed the instant federal court complaint in this action.[2] Although plaintiff sought and received an extension of time to file an opposition to defendants' motion to dismiss the complaint, she has not filed an opposition.

## DISCUSSION

The background principles governing a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) are well established. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Mastafa v. Chevron Corp.,* 770 F.3d 170, 177 (2d Cir. 2014) (internal citation and quotation marks omitted). Additionally, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. (internal quotation marks omitted). In adjudicating a motion to dismiss for lack of subject matter jurisdiction, the Court may consider matters outside the pleadings. *See, e.g.*, *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, --- F.3d ---, 2015 WL 3875220, at *3 (2d Cir. 2015).

Article III of the United States Constitution prevents a federal court from rendering advisory opinions or "decid[ing] questions that cannot affect the rights of litigants in the case before them." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (internal quotation marks omitted).

---

fees or that she is entitled to her costs.

[2] The electronic docket for plaintiff's case is available at the following web link for the State of Connecticut Judicial Branch website (Civil / Family Case Look Up):
http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx? DocketNo=NNHFA144062942S (last accessed June 26, 2015).

As the Supreme Court has made clear, "[i]t is not enough that a dispute was very much alive when suit was filed," because a case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," and "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Ibid*. (internal citations and quotation marks omitted).

Here, plaintiff's case is now moot. Because her divorce proceedings have concluded, plaintiff has nothing to gain from any of the declaratory or injunctive relief that she has requested. *See Alton v. Alton*, 347 U.S. 610 (1954) (*per curiam*) (challenge to divorce case in one jurisdiction became moot when parties later obtained divorce without contestation in another jurisdiction).

As to plaintiff's complaint about court reporter transcripts, she does not have standing to assert the rights of other litigants in the Connecticut state court system. That is because "[a] party must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *In re Bernard L. Madoff Inv. Securities LLC.*, 721 F.3d 54, 58 (2d Cir. 2013) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Doc. #12) is GRANTED for lack of subject matter jurisdiction. The Clerk is directed to close this case.

It is so ordered.

Dated at Bridgeport this 26th day of June 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

4